# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A GALLUZZO,

            Petitioner,      :      Case No. 3:19-CV-171

- vs -                          District Judge Walter H. Rice
                                    Magistrate Judge Michael R. Merz

SCOTT SPRINGHETTI,
  Director, Tri-County Regional Jail,

                                  :

            Respondent.

## ORDER STAYING CASE PENDING EXHAUSTION

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Answer to Writ (ECF No. 15). Therein Respondent raises the defense that Petitioner has not exhausted available state court remedies and asks that the case be dismissed on that basis. *Id.* at PageID 191. Although Petitioner had not filed an appeal at the time he filed the Petition, Respondent notes that he did so on June 27, 2019. *Id.* The Court has confirmed the existence of that appeal under Case No. 2019 CA 00019. As of the date of this Order, no decision has been docketed.[1] Of course, even if Petitioner is unsuccessful on in the Ohio Court of Appeals, he will have the right to appeal to the Supreme Court of Ohio from any adverse decision.

In *Rose v. Lundy,* 455 U.S. 509 (1982), the Supreme Court held that a "mixed" habeas petition containing both exhausted and unexhausted claims must be dismissed; *accord, Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987). That did not present a barrier to eventual federal habeas corpus

---
[1] www.champaignclerk.com, visited July 26, 2019.

1

relief until Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in 1996 which made habeas corpus petitions subject to a one-year statute of limitations such that if a mixed petition was dismissed, the statute of limitations might run. To deal with that problem, the Supreme Court has allowed District Court to stay habeas cases pending exhaustion. However, it also held

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

The Magistrate Judge is not advised of what claims Petitioner has raised on appeal, but it seems likely they include some or all of the claims he has raised here. Failure to raise claims on direct appeal or otherwise in the state courts can result in their forfeiture in habeas under the doctrine of procedural default. Until provided proof to the contrary, the Magistrate Judge will assume that there is at least some overlap in the claims made on appeal and here.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

2

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990).

Accordingly, these habeas corpus proceedings are STAYED pending the outcome of Petitioner's current appeal to the Ohio Court of Appeals and any further appeal to the Supreme Court of Ohio. The parties are ordered to keep the Court currently advised of the status of the Ohio court proceedings. Should the trial be transcribed for purposes of the appeal, Respondent is ordered to file a copy with this Court.

July 26, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge