# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A GALLUZZO,

    Petitioner,  :  Case No. 3:19-CV-171

 - vs -          District Judge Walter H. Rice
             Magistrate Judge Michael R. Merz

SCOTT SPRINGHETTI,
 Director, Tri-County Regional Jail,

             :
    Respondent.

## DECISION AND OPINION DENYING VACATION OF STAY

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Request for Reconsideration (ECF No. 19).

On July 29, 2019, the Court entered an Order staying this case pending the outcome of Petitioner's then-pending appeal of his conviction to the Ohio Court of Appeals for Champaign County and any further appeal to the Supreme Court of Ohio (ECF No. 16, PageID 197). At the time this Court was not advised of what claims Petitioner had raised on direct appeal and that situation has not changed.

The Court entered the stay on the basis of 28 U.S.C. § 2254(b) and (c) which mandate exhaustion of state court remedies and the Supreme Court's decision to like effect, *Picard v. Connor,* 404 U.S. 270, 275 (1971). Petitioner argues that to stay the proceedings pending exhaustion is an unconstitutional suspension of the writ, prohibited by Article I, Section 9, Clause 2. That Clause provides "The Privilege of the Writ of Habeas Corpus shall not be suspended,

unless when in Cases of Rebellion or Invasion the public Safety may require it." Petitioner asks rhetorically if there was been a rebellion or invasion of which he is not aware. (ECF No. 19, PageID 211). So far as the Court is aware, there has not been and there certainly has not been any formal suspension or attempted suspension of the Writ by any public official known to the Court.

The controlling question, then, is whether the exhaustion doctrine works a suspension of the writ. This Court is unaware of any federal case authority supporting that proposition and the Supreme Court's strong enforcement of the exhaustion doctrine at least implicitly suggests the contrary. This Court is not authorized to ignore in-point Supreme Court authority in favor of its own interpretation of the Constitution. Trial courts are obliged to follow precedent set by Supreme Court and Courts of Appeals. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).

Petitioner is concerned that because he is serving only a six-month sentence, his case may be made moot by his release. He need have no concern on that point. Because he was in custody when he filed, this case will survive his release. *Carafas v. La Vallee*, 391 U.S. 234 (1968).

Because a stay pending exhaustion is commanded by relevant Supreme Court precedent, Petitioner's Request to vacate the stay is DENIED.

August 15, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
