IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL A GALLUZZO,

              Petitioner,      :      Case No. 3:19-CV-171

  - vs -                           District Judge Walter H. Rice
                                    Magistrate Judge Michael R. Merz

SCOTT SPRINGHETTI,
  Director, Tri-County Regional Jail,

                                  :
              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Summary Judgment (ECF No. 23).

Petitioner reports that he sought an original writ of habeas corpus in the Supreme Court of Ohio which was returned to him without filing. The cover letter on the returned proffered filing reads in part

> Specifically, you did not submit a$ I 00 filing fee and $100 security deposit as required by Rules 3.04 and 3.05 respectively, or an affidavit of indigence in lieu of the filing fee and security deposit. Enclosed is an affidavit of indigence form. In order to meet the filing requirements, the affidavit must include the reasons you are unable to pay the fees and it must be notarized.

*Id.* at PageID 238. Petitioner advises he told the Supreme Court eh did not wish to proceed *in forma pauperis* but did not have access to his funds to pay the fee. He claims federal law entitled him to proceed, citing *Burns v. Ohio,* 360 U.S. 252 (1959), and *Bounds v. Smith*, 430 U.S. 817 (1977). *Id.* at PageID 236.

1

In *Burns* the Supreme Court vacated a criminal judgment and remanded the case to the Supreme Court of Ohio which had refused to hear Burns' appeal without his paying the filing fee. It held that a State may not require a filing fee from an indigent. *Burns* is not apposite. There is no case authority known to the undersigned which provides that a person who is not indigent and refuses to proceed *in forma pauperis* is entitled to proceed nonetheless without paying a filing fee. *Bounds* also does not support Petitioner's position, as it mandates adequate access to a law library for prisoners, not fee-free filing in state court for non-indigents.

More importantly, however, lack of access to a state court to file a parallel collateral attack on a state court conviction is not a basis for granting habeas corpus relief on unexhausted claims. This case is stayed because the Second District Court of Appeals has not yet decided Petitioner's direct appeal from his conviction. Once that happens if Petitioner is unsuccessful, he will have an opportunity to place his case before the Supreme Court of Ohio on appeal, rather than by collateral attack.

The Motion for Summary Judgment should therefore be DENIED.

September 17, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.

A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).