# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MICHAEL A GALLUZZO,

        Petitioner,    :    Case No. 3:19-cv-171

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

SCOTT SPRINGHETTI,
  Director, Tri-County Regional Jail,

          :
        Respondent.

## REPORT AND RECOMMENDATIONS

    This habeas corpus case, brought *pro se* by Petitioner Michael A. Galluzzo, is before the Court for decision on the merits.

    Petitioner filed his Petition in this Court June 7, 2019 (ECF No. 1). On July 29, 2019, the case was stayed pending the outcome of Petitioner's direct appeal to the Ohio Court of Appeals for the Second Appellate District and any further appeal to the Supreme Court of Ohio (ECF No. 16). On August 17, 2020, Petitioner notified the Court that his direct appeal was completed and renewed his motion for summary judgment (ECF No. 33). The Court then vacated the stay and set a deadline for a response (ECF No. 34). Respondent has now filed that response (ECF No. 35), rendering the case ripe for decision.

    Petitioner used to file in this Court the standard form for a petition for writ of habeas corpus by a person in custody under judgment of a state court. However, he did not plead separate grounds for relief in the Petition, but referred the Court to an attachment labeled "Petition for Writ of

1

Habeas Corpus for Cause" including forty numbered paragraphs of argument and thirty-four footnotes. Petitioner purports to attach a "NOTICE OF JURISDICTIONAL DEFECT" and a "DEMAND TO ESTABLISH JURISDICTION ON THE RECORD OR DISMISS FOR LACK OF JURISDICTION" (Petition, ECF No. 1, PageID 20). However, there are no attachments.

Because Galluzzo was confined on a judgment of a state court of Ohio, this Court has jurisdiction to determine the constitutionality of his confinement. 28 U.S.C. § 2241. Although Galluzzo has served the entirety of his six-month sentence and is no longer in custody, he filed his Petition while he was confined and the Petition is therefore not moot. *Maleng v. Cook*, 490 U.S. 488 (1989).

Petitioner claims that the trial court had no jurisdiction to try him or at least jurisdiction was not demonstrated on the record (Demand, ECF No. 32, PageID 269). Because the trial occurred in Champaign County, Ohio, Galluzzo had a remedy for his claim of lack of trial court jurisdiction by appeal to the Second District Court of Appeals. He raised his lack of jurisdiction claim as his Fifth Assignment of Error and the Second District decided it as follows:

> **Dismissal of Jurisdictional Challenges**
>
> [*P13]  In his fifth assignment of error, Galluzzo asserts the trial court was without jurisdiction over him because "as a 'sovereign' * * * [he] operate[s] in the Common Law under the Constitution and Common Law documents, and not under the corporate STATE OF OHIO statutes unless under contract (license) or consent." This argument is without legislative or case law support. The record supports the conclusion that Galluzzo, while driving within Saint Paris, was stopped by a Saint Paris police officer and issued the indicated citations. As such, the Champaign County Municipal Court had jurisdiction over Galluzzo to adjudicate the charges. Galluzzo's fifth assignment of error is overruled.

*Village of St. Paris v. Galluzzo*, 2020-Ohio-308 (Ohio App. 2nd Dist. Jan 31, 2020).

The power of federal courts sitting in habeas to grant relief to a person restrained of his or

liberty by a tribunal without jurisdiction is well established.  Even during the most restrictive periods of application of federal habeas corpus to state defendants, the Supreme Court has granted relief when the state court was found to lack jurisdiction.  See *Ex parte Lange*, 85 U.S. (18 Wall.) 163 (1873); *Ex parte Siebold*, 100 U.S. 371 (1880).  In *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921 (10th Cir. 2008), the Tenth Circuit held:

> Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause. See, e.g., *Danforth v. Minnesota*, 128 S.Ct. 1029, 1036, 169 L. Ed. 2d 859 (2008) (recognizing that, "[o]riginally, criminal defendants whose convictions were final were entitled to federal habeas relief only if the court that rendered the judgment under which they were in custody lacked jurisdiction to do so."); *Lonchar v. Thomas*, 517 U.S. 314, 322, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996) (recognizing in a § 2254 action that "the writ has evolved into an instrument that now demands . . . conviction by a court of competent jurisdiction"); *Thomas v. Loney*, 134 U.S. 372, 376, 10 S. Ct. 584, 33 L. Ed. 949 (1890) ("The courts of Virginia having no jurisdiction of the matter of the charge on which the prisoner was arrested, and he being in custody, in violation of the constitution and laws of the United States, . .. he was rightly [] discharged by the circuit court on writ of habeas corpus."); *Lowery v. Estelle*, 696 F.2d 333, 337 (5th Cir. 1983) ("An absence of jurisdiction in the convicting court is . . . a basis for federal habeas corpus relief cognizable under the due process clause."); *United States ex rel. Herrington v. Mancusi*, 415 F.2d 205, 208-09 (2d Cir. 1969) ("It has long been settled that habeas corpus relief is available to a defendant convicted by a court without jurisdiction.") (citations omitted).

525 F.3d at 924.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Deference is also due under 28

3

U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In this case, Galluzzo presented his constitutional claim of lack of jurisdiction to the Ohio courts and the Second District decided it against him.  His burden in habeas corpus is to show that decision is an unreasonable application of clearly established law as declared by the United States Supreme Court.

Galluzzo uses the term "jurisdiction" compendiously.  A court can lack jurisdiction of the subject matter of a case (e.g., an attempt to try a felony case in a municipal court in Ohio), or territorial jurisdiction (e.g., the charged offense did not occur within the territory where the trying court has jurisdiction such as an attempt to try a speeding case from Oakwood in the Dayton Municipal Court) or personal jurisdiction (e.g., the person being tried has not been brought before the court with proper process).  Galluzzo is unclear what jurisdiction he claims the Champaign County Municipal Court lacked and the Second District held that the exercise of jurisdiction was proper.  Prima facie that appears to be correct:  in Ohio municipal courts have jurisdiction to try misdemeanor cases and the charges against Galluzzo were all misdemeanors, providing subject matter jurisdiction.  Galluzzo was arrested, which would be sufficient to establish personal jurisdiction.  And the Second District held the record showed the offenses had occurred in the Village of St. Paris, satisfying the territorial jurisdiction requirement.  Therefore Petitioner's claim of lack of jurisdiction is without merit and should be dismissed.

In part Petitioner's argument seems to be that since he challenged the jurisdiction of the Champaign County Municipal Court, the State or that court was bound to establish its jurisdiction before proceeding.  There is no Supreme Court authority to that effect.  While a court must have jurisdiction before proceeding, no federal constitutional principle provides that it must create a

record of that jurisdiction before proceeding.

Petitioner next argues generally that the traffic citation he received was unlawful in violation of the Fourth and Sixth Amendments (ECF No. 32, PageID 269).  As the Second District observed, Galluzzo filed no motion to suppress the arrest and thus forfeited his Fourth Amendment claims.  Galluzzo asserts the arresting officer did not see any traffic infraction, but the question of who to believe at trial was for the jury and the jury here believed the officer.

> Petitioner posed no harm to any individual or damage to any property while the "alleged" defendant was exercising his Constitutional liberty to travel in a safe and prudent manner as an American National, there was no imminent danger to the public or probable cause to initiate the stop. No "Law" had been violated by the Petitioner.

(ECF No. 32, PageID 269).  All three charges on which Petitioner was found guilty involve the laws of the State of Ohio which regulate the operation of motor vehicles and require that such operators be properly licensed. Galluzzo apparently claims that the State of Ohio lacks constitutional authority to insist on proper licensing of drivers.  Something like this claim was raised in Galluzzo's Fifth Assignment of Error on appeal.  The Second District found that this argument was made without legislative or case law support.  *Galluzzo*, 2020-Ohio-308, ¶ 13. Likewise Galluzzo offers no support for this argument in this Court.

Galluzzo next argues he was prosecuted under a form of the St. Paris Ordinance in question which had not been passed by the St. Paris Village Council (ECF No. 32, PageID 271).  The Second District rejected this claim because Galluzzo had not had a complete transcript of the trial proceedings prepared.  *Galluzzo*, 2020-Ohio-308, ¶ 12.  Because he failed to present the Second District with a transcript from which this issue could have been properly decided, Galluzzo has procedurally defaulted on this claim and this Court is prohibited from reaching the merits.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

Petitioner next claims he was not provided with full discovery prior to trial (ECF No. 32, PageID 272). The Second District decided this claim as follows:

### Failure to Provide Discovery

> [*P10] Galluzzo next asserts that "the prosecution * * * failed to provide 'discovery' to [him] prior to trial," and the trial court erred by not dismissing the charges on this basis. The only discovery reflected by the record is the bill of particulars. Our review of Saint Paris's response to the requested bill of particulars provides no basis upon which to sustain Galluzzo's third assignment of error, and it is overruled.

*Galluzzo*, 2020-Ohio-308. There is no federal constitutional right to pre-trial discovery of the prosecution's evidence.

6

Galluzzo next makes a mostly unintelligible claim about sovereignty:

> The charges were brought against MICHAEL A GALLUZZO (all caps) the corporate instrument (See charging and case documents) but Michael Anthony Galluzzo (Upper/Lower case), the Petitioner, was prosecuted as the assumed *Ens Legis Fictio.*
>
> The rights of the sovereign in common law and protected by the authority of the Constitution are superior to the state statutes and the latter must give way where in conflict. Michael Anthony Galluzzo is not a 'corporate state person' and retains his rights under the Common Law and the Constitution. Any state statute or municipal ordinance contrary to the Constitution is without effect. Where there has been no breach of the peace, there can be no claim against the man.
>
> " There is an old and well known rule that statutes which in general terms divest preexisting rights and privileges will not be applied to the sovereign. " *United States v. United Mine Workers*, 330 U.S. 258 (1947). " Since, in common usage, the term ' person ' does not include the sovereign, statutes employing the phrase are ordinarily construed to exclude it." *United States v. Cooper,* 312 U.S. 600 (1941 ); *United States v. Fox*, 94 U.S. 315 (1876).

(ECF No. 32, PageID 272. The Court expressly refuses to recognize that Petitioner is "sovereign" in any sense that this Court can recognize. Under the United States Constitution, some aspects of sovereignty reside in the national government and some in the state governments. Whether or not Petitioner ever consented, explicitly or implicitly, to be bound by the traffic laws of the State of Ohio, this Court recognizes the authority of Ohio to enact such laws, including laws requiring those who operate motor vehicles to be properly licensed.

Galluzzo claims the trial judge was biased against him and displayed that bias on a number of occasions during the proceedings (ECF No. 32, PageID 279-81). Petitioner presented this claim as his Seventh Assignment of Error on appeal and the Second District decided it as follows:

> Trial Court's Rejection of Exculpatory Evidence and Judicial Bias
>
> [*P14] Galluzzo's sixth and seventh assignments of error assert that the trial court rejected exculpatory evidence and that the court

7

> exhibited bias toward him. As discussed, without a transcript we have no basis upon which to conduct a review of the claimed rejection of evidence and bias. Given this, we must presume the regularity of the proceedings. Galluzzo's sixth and seventh assignments of error are overruled.

*Galluzzo*, 2020-Ohio-308. Because he failed to file a record upon which the Second District could adjudicate this claim, Petitioner has procedurally defaulted it and this Court may not reach the merits. *Coleman, supra.*

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 1, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be

accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.